315 So.2d 525 (1975)
Douglas Gene HALEY, Appellant,
v.
STATE of Florida, Appellee.
Patrick William O'SHEA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-1397, 74-1396.
District Court of Appeal of Florida, Second District.
June 25, 1975.
Rehearing Denied July 28, 1975.
*526 James A. Gardner, Public Defender, Sarasota, and Harold H. Moore, Asst. Public Defender, Bradenton, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellants were charged by informations with robbery[1] and convicted of grand larceny. Since the informations contained no allegation of the value of the stolen property, we reverse and remand for entry of judgments of petit larceny.
At trial, the evidence showed that the value of the property taken was over $100. The judge instructed the jury on robbery and the lesser included offenses of grand larceny and petit larceny. Immediately after the jury retired, the appellants objected to the charge of grand larceny.
In Brown v. State, Fla. 1968, 206 So.2d 377, lesser offenses were divided into four categories:
(1) Crimes divisible into degrees;
(2) Attempts to commit offenses;
(3) Offenses necessarily included in the offense charged; and
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
In State v. Anderson, Fla. 1972, 270 So.2d 353, the court held that an instruction on a category 4) offense should not be given unless the accusatory pleading alleges all the elements of the lesser offense:
The accusatory pleading must apprise the defendant of all offenses of which he may be convicted. This simply means that when the State makes a charge, ex parte though it may be, it is asserting *527 that the defendant is guilty and may be convicted of that offense, all degrees thereunder when the offense is divided in degrees, the attempt to commit the offense, and any lesser offense which is an essential ingredient of the major crime charged.
In addition, it means that he may be convicted of any lesser offense, which, although not an essential ingredient of the major crime, is spelled out in the accusatory pleading in that it alleged all of the elements of the lesser offense and the proof at trial supports the charge... . (Emphasis supplied.)
Larceny is a necessarily included offense in the crime of robbery. Brown v. State, supra. However, grand larceny contains an element not present in the offense of robbery: that the value of the property stolen was one hundred dollars or more. Grand larceny is not necessarily included in the offense or robbery, and Anderson requires that the accusatory pleading allege this additional element of value in order for a conviction of grand larceny to be sustained.
In accordance with Anderson, supra, Florida Standard Jury Instructions in Criminal Cases, Robbery, § 2.06 includes the following language:
Degrees of Larceny
If, from the evidence, you find beyond a reasonable doubt that the defendant did steal, take and carry away the property described from the person alleged in the information (indictment) but are not convinced beyond a reasonable doubt that the taking was accomplished by force, violence, assault or putting in fear you should find the defendant guilty of larceny, and
a. in this case the information (indictment) does not allege the value of the property to be one hundred dollars or more, so the verdict should find the defendant guilty of petit larceny.
The State argues that appellants waived this issue because the record fails to reveal a timely objection to the jury instructions. This case does not merely involve erroneous instructions. The defendants were convicted of a crime not charged in the informations. This is fundamental error. O'Neal v. State, Fla.App.2d 1975, 308 So.2d 569; Johnson v. State, Fla.App.2d 1969, 226 So.2d 884; Priester v. State, Fla.App. 4th 1974, 294 So.2d 421.
Although the convictions of grand larceny cannot be sustained, petit larceny is an offense whose elements were alleged in the accusatory pleadings.
Accordingly, we reverse the convictions and sentences for grand larceny and remand with directions that judgments of conviction be entered against both appellants for petit larceny. Cf. Negron v. State, Fla. 1975, 306 So.2d 104.
HOBSON, Acting C.J., and SCHEB, J., concur.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge (dissenting).
I do not disagree with the cases cited in the majority opinion. With deference, I find that they are inapplicable in the instant case.
It is my view that the offense of grand larceny, under the factual circumstances presented here, falls within the fourth category under Brown v. State, Fla. 1968, 206 So.2d 377. Therefore, it was proper for the trial court to have instructed the jury on grand larceny. The evidence adduced at trial was overwhelming to prove that the value of the property taken was in excess of the statutory threshold. I do not believe the complained of instruction, coupled with the verdict, constitutes error, let alone reversible error.
I would have affirmed the trial court and therefore, I respectfully dissent.
NOTES
[1] Douglas Gene Haley and Patrick William O'Shea "did unlawfully and feloniously, by force, violence, assault or putting in fear, rob, steal and take away from the person or custody of PHILLIP V. NEUHFER, and/or JAMES HARDING, certain personal property, to-wit: UNITED STATES CURRENCY, the property of GENERAL HOST CORPORATION, Contrary to the statute in such case made and provided and against the people and dignity of the State of Florida."