PER CURIAM.
Appellant was charged with three counts of robbery and one count of using a firearm in the commission of a felony. The jury returned verdicts as follows:
Count I: Guilty of the lesser included offense of grand larceny.
Count II: Guilty of the lesser included offense of petit larceny.
Count III: Guilty of robbery as charged.
Count IV: Guilty of the use of a firearm in the commission of a felony as charged.
Appellant was given concurrent sentences in various lengths up to life imprisonment.
There was evidence that the property stolen in the offense charged under count I was worth more than $100. However, this fact was not alleged in the information. Therefore, appellant could only have been convicted of petit larceny under this count. Haley v. State, Fla.App.2d, 1975, 315 So.2d 525. The conviction of grand larceny under count I is hereby vacated with directions to enter a judgment of conviction for petit larceny. Since appellant was given the maximum sentence for grand larceny, the court may enter the maximum sixty-day sentence for petit larceny without the necessity of appellant being present.
The firearm used in count IV was during the commission of the robbery under count III. Therefore, the lesser sentence imposed under count IV is hereby vacated. Cone v. State, Fla.1973, 285 So. *372 2d 12. Otherwise, the judgments and sentences are
AFFIRMED.
McNULTY, C. J., and HOBSON and GRIMES, JJ., concur.