340 So.2d 1216 (1976)
Joseph Curtis SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1867.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
Defendant appeals his conviction of involuntary sexual battery and subsequent sentence to life imprisonment pursuant to Section 794.011(3) Florida Statutes (Supp. 1974).[1]
The victim testified that she was asleep on a couch in her home when she was grabbed from behind by an unknown intruder whom she later identified in a police lineup and at trial as the appellant. With his arm around her neck, he pulled her into a bedroom of the house. As she was being pulled she suffered a scratch on her neck which could have been caused by a fingernail; also something hurt her ribs. She did not see any weapon and did not feel she was going to be strangled. In the bedroom she was forced to lie down on the bed, and yielded to appellant's demand for sexual intercourse. Out of fear, and hoping to get rid of the intruder, she did not resist. She testified: "I was cooperating with him. I guess at the time it was easier to cooperate *1217 than have it forced." Appellant then asked for money and the victim, under the pretext of going to borrow some money, went next door and phoned the police.
Appellant raises three points on this appeal, but only one has merit. The trial judge refused to instruct the jury or to submit verdicts on Sections 794.011(4)(b)[2] and 794.011(5),[3] Florida Statutes (Supp. 1974). The trial judge was of the opinion these sections of the statute did not establish degrees of sexual battery or lesser included offenses, but were simply sentencing guidelines for the trial judge in the event the defendant was found guilty of sexual battery. In denying defendant's requested instructions the trial judge, referring to § 794.011(4)(b) and § 794.011(5), said:
"I am using those as a sentencing guideline if the jury comes back with yes or no. After that, it's up to you to convince me that falls within a certain sentencing area, and that's the way I am going to treat it. We are going to try and do it that way and make it understandable to the jury. These people come off the street and don't know anything about the law. They just decide whether or not this man did it, and I will decide what degree, until the court of appeals tells me in precise language that I can't do that that way ..." (Trial Transcript, page 196)
In fairness to the trial judge we point out that at the time he was presented with this issue he did not have the benefit of the Standard Jury Instructions in Criminal Cases, authorized by the Supreme Court on February 4, 1976, Fla., 327 So.2d 6. From our own experience as trial judges, we understand and appreciate the frustration of the trial judge in this case who, under the pressure of time during a trial and without controlling precedent, had to construe and apply a new statute. So it is without criticism of the able trial judge, after full consideration of the issue, that we reverse.
The Information against the defendant charged in part as follows:
"... Joseph Curtis Smith did, in violation of Florida Statute 794.011, commit a sexual battery upon a person over the age of eleven (11) years, ... without that person's consent and in the process thereof used or threatened to use a deadly weapon or used actual physical force likely to cause serious personal injury."
A person found guilty of this offense as charged, under § 794.011(3), would be guilty of a life felony. There was no evidence that the defendant "used or threatened to use a deadly weapon." Therefore if he is guilty of a life felony it must be based upon the jury finding that he "used actual physical force likely to cause serious personal injury." The evidence in our opinion is sufficient to support such a finding. However it is not so overwhelming that the jury, if given the opportunity, might have found that although the defendant did not use "actual physical force likely to cause serious personal injury", he did coerce the victim to submit by "threatening to use force or violence likely to cause serious personal injury on the victim", which under § 794.011(4)(b) would be a felony of the first degree. Likewise, the jury from the evidence might have concluded that the defendant used "physical force and violence not likely to cause serious personal injury", which under § 794.011(5) would be a felony of the second degree.
We hold that the first degree felony offenses under § 794.011(4) and the second degree felony offense under § 794.011(5) are lesser-included offenses of § 794.011(3). Under Brown v. State, 206 So.2d 377 (Fla. 1968) they fall into what has been designated *1218 as category four offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. In this case both the accusatory pleading and the evidence would support the jury finding the defendant guilty of one of the lesser offenses. Instructions should have been given and verdicts submitted to the jury for the offenses set out in § 794.011(4)(b) and § 794.011(5). The particular instruction requested by defendant was perhaps irregular, but under the circumstances would have been adequate. However if this case is retried we suggest that the trial court utilize the Standard Instructions.
We have considered the other points raised by appellant and in reference to them find that no reversible error was committed by the trial court.
We reverse and set aside the conviction and sentence under § 740.011(3) and remand with instructions that upon the State's election, the appellant shall be either adjudged guilty and sentenced for a second degree felony under § 740.011(5), or in the alternative be granted a new trial. Lightfoot v. State, 331 So.2d 388 (Fla. 2nd DCA 1976); McClam v. State, 288 So.2d 285 (Fla. 4th DCA 1974).
ADAMS, ALTO, Associate Judge, concurs.
WALKER, WILLIAM L., Associate Judge, dissents, with opinion.
WALKER, WILLIAM L., Associate Judge (dissenting):
I would affirm the trial court.
Defendant was convicted of a sexual battery. The single count information charged the Defendant "did, in violation of Florida Statute 794.011, commit a sexual battery upon a person over the age of eleven (11) years, ... without that person's consent and in the process thereof used or threatened to use a deadly weapon or used actual physical force likely to cause serious personal injury."
Appellant, among his assignments of error, alleges:
"(3) That the trial court erred in failing to include the felony of the first degree of Involuntary Sexual Battery and the felony of the second degree of Involuntary Sexual Battery as lesser included offenses of the life felony of Involuntary Sexual Battery."
The various "sexual battery" offenses, though contained in the same Statute and under the same verbal heading and punished in different degrees have different elements not included each in the other and are not degrees of the same offense.
Though there was a charge of a threat to use a deadly weapon, there was no evidence of a deadly weapon nor a threat. There was a charge of the use of actual physical force likely to cause serious personal injury, but no charge of a threat to cause serious personal injury. Therefore, under the charging document, the defendant could not have been convicted of a threat to use physical force under § 794.011(5).
There was no language in the charging document contending the Defendant used force "not likely to cause serious personal injury", but instead the State charged the defendant used physical force "likely to cause serious personal injury." One charge, in my opinion, necessarily excludes the contrary and it is therefore not a necessarily included offense. It is a separate charge not made by the State anywhere in the charging instrument. Again the defendant could not have been so convicted.
The real evidence of force was that of dragging the victim to the bedroom by a grip around her neck. Had the jury not believed this to have been force to cause serious personal injury, the State would not have carried its burden and the Defendant would have been discharged. In short, I would hold physical force not likely to cause serious personal injury is not necessarily included in force likely to cause serious personal injury.
To repeat, the necessary elements of the other offenses are not included in the charging document nor in the evidence and there was no reversible error under Brown *1219 v. State, 206 So.2d 377 (Fla. 1968). I find no reversible error in the other points raised and would affirm.
NOTES
[1] 794.011(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in § 775.082.
[2] 794.011(4)(b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute these threats.
[3] 794.011(5) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury shall be guilty of a felony of the second degree, punishable as provided in § 775.082.