356 So.2d 867 (1978)
Jimmy Lee WAGNER, Appellant,
v.
STATE of Florida, Appellee.
No. 76-910.
District Court of Appeal of Florida, Fourth District.
March 21, 1978.
*868 Richard L. Jorandby, Public Defender and Stuart A. Young, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Richard P. Zaretsky, and Glenn H. Mitchell, Asst. Attys. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant appeals his conviction and life sentence for involuntary sexual battery on the grounds that trial court failed to instruct the jury on lesser included offenses, including attempted involuntary sexual battery, involuntary sexual battery which is a first degree felony, involuntary sexual battery which is a second degree felony, and assault and battery. We agree and reverse.
The victim was assaulted in the early hours of morning by an individual wearing a face mask and carrying a long object which at first appeared to be a gun, but turned out to be a piece of pipe. She testified that the assaulter performed vaginal and anal intercourse after which she was released. As a result of his constant threats to hit her on the side of the head with the pipe she submitted to his advances without struggle, but in fear of his carrying out his alleged threats. Upon her release, she immediately went to the police who took a statement from her and had her submit to a medical examination which discovered the presence of sperm and pubic hairs matching those of the appellant.
The trial court, in accordance with Section 794.011(3), Florida Statutes (1975), instructed the jury as follows:
"A person who commits sexual battery upon a person over the age of 11 years, without that person's consent; in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a violation of the Florida Criminal Law."
The court refused appellant's requested instructions on attempted involuntary sexual battery, Section 777.04, Florida Statutes (1975); the first degree felony of involuntary sexual battery, Section 794.011(4)(b), Florida Statutes (1975); the second degree felony of involuntary sexual battery, Section 794.011(5), Florida Statutes (1975); and assault and battery.
To say the least, the question of when it is necessary to give instructions on lesser included offenses is a persistent, agonizing problem to the trial bench. Seemingly, to put the matter at rest, the Florida Supreme Court held in Hand v. State, 199 So.2d 100 (Fla. 1967) that it was error for the trial court to refuse to instruct on lesser included offenses when such instructions were required. Nevertheless, as Justice Sundberg stated in Lomax v. State, 345 So.2d 719, 721 (Fla. 1977):
"... this did not preclude the evolution of a subsequent line of authority that held the error to be harmless if, again, there exists overwhelming evidence that the defendant committed the crime charged."
The Supreme Court went on to hold that the harmless error doctrine will not be invoked when there is a failure to instruct on a lesser included offense.
Fla.R.Cr.P. 3.510 requires the court to instruct on an attempt to commit the crime charged as a lesser included offense, regardless of whether the evidence is consistent with such an instruction. Surprisingly, appellee has not addressed this specific question in its brief. In DeLaine v. State, 262 So.2d 655 (Fla. 1972) the Supreme Court utilized the harmless error doctrine in affirming a conviction for rape where the trial court had failed to instruct on the lesser included offense of assault and battery. In that case, however, the trial court did instruct on the lesser included offense of assault with intent to commit rape and the jury convicted the defendant of the greater crime of rape. In affirming, the Supreme Court stated:

*869 "As a matter of common sense and logic, if the jury did not convict the petitioners of assault with intent to commit rape, the same jury would not convict them of assault and battery, which is two steps removed from the crime of which petitioners were convicted."
In the instant case, the jury had no opportunity whatsoever to convict of a lesser included offense as they were not so instructed. Notwithstanding, we feel the Supreme Court has impliedly overruled its decision in DeLaine, supra, by its decision in Lomax, supra, and we are bound by the latter.
This court has previously held that the first degree felony offense under Section 794.011(4)(b), Florida Statutes (1975), and the second degree felony offense under Section 794.011(5), Florida Statutes (1975) are "category four" lesser included offenses of Section 794.011(3), Florida Statutes (1975). Smith v. State, 340 So.2d 1216 (Fla. 4th DCA 1976); see also, Brown v. State, 206 So.2d 377 (Fla. 1968). If the accusatory pleading and the evidence would support a jury finding of guilty of one of the lesser offenses, then instructions on such lesser included offenses must be given. In the instant case, the jury could have believed that appellant only used threats of force or violence likely to cause serious personal injury, thus a violation of the first degree felony. The jury could also have determined that the appellant used only physical force and violence not likely to cause serious personal injury, thus a violation of the second degree felony. Although there was substantial evidence of intercourse, the jury could have refused to believe this evidence and determined that a mere assault and battery had occurred. The failure to give all of these instructions on lesser included offenses was error for which the harmless error doctrine is not available.
Accordingly, the conviction and sentence is REVERSED and REMANDED with instructions to grant appellant a new trial.
ALDERMAN, C.J., and CROSS, J., concur.