ANSTEAD, Judge.
This is an appeal from a conviction for attempted sexual battery involving the use of force likely to cause serious personal injury.[1] The appellant claims error in the trial court’s refusal to instruct the jury on attempted sexual battery involving the use of force not likely to cause serious personal injury.[2] We affirm.
Turner was charged, tried, and convicted of attempted sexual battery. The victim testified that after being forced into a vehicle and driven to an isolated area near an orange grove, she was knocked to the ground by Turner and her clothing forcibly removed. She was then thrown down an embankment and her head held underwater. Thereafter, her arm was twisted causing it to break and a stick or other object was inserted into her vagina and rectum. Two physicians testified that the victim received serious personal injuries including a permanently disabling injury to the arm. Turner admitted that he and a friend drove the victim to the area of the orange grove, but he denied assaulting the victim in any way. He testified that she disappeared into the orange grove after leaving the vehicle and he and his friend left.
This court has held that sexual battery involving the use of force not likely to cause serious personal injury is a category four lesser included offense of sexual battery involving the use of force likely to cause serious personal injury, under Brown v. State, 206 So.2d 377 (Fla.1968). Wagner v. State, 356 So.2d 867 (Fla. 4th DCA 1978); Smith v. State, 340 So.2d 1216 (Fla. 4th DCA 1976). It is not a necessarily included offense. Hence, an instruction is required on this offense only when supported by the accusatory pleadings and the evidence.
In this case the information charged Turner only with the higher offense, and there was no evidence of the use of force not likely to cause serious personal injury. *2 The undisputed evidence showed force that was not only likely to, but did, cause serious personal injury. Under these circumstances the trial court did not err in refusing to give the instruction requested. Accordingly, the judgment of the trial court is affirmed.
MOORE, J., and SIMONS, STUART M., Associate Judge, concur.

. § 794.011(3), Florida Statutes (1975).

. § 794.011(5), Florida Statutes (1975).