ERVIN, Judge.
Grange appeals judgments entered upon two separate verdicts finding him guilty of sexual battery without consent by use of physical force and violence not likely to cause serious personal injury. Appellant was charged in a two-count information with (1) committing a sexual battery upon a person over the age of 11 years, without her consent, by threatening to use force or violence likely to cause serious personal injury,[1] and (2) committing sexual battery upon the same person, without her consent, by use of physical force and violence not likely to cause serious personal injury.[2] As to the first count, the jury returned a verdict finding appellant guilty of the instructed lesser offense of sexual battery by use of physical force and violence not likely to cause serious personal injury, and, as to the second count, guilty as charged. The lower court sentenced appellant to fifteen years’ imprisonment on the first count, and on the second count, while adjudging him guilty, deferred imposition of sentence from day to day and term to term “until this area of appeal is perfected before the District Court.” [3]
Appellant argues that the lower court erred in adjudging him guilty on the second count because he may not be convicted of two separate offenses when only one single criminal act was involved. We decline to rule on the question presented because we conclude that defendant’s conviction of the purported lesser included offense under count one was not itself a lesser offense.
The Third District Court of Appeal in Harris v. State, 338 So.2d 880 (Fla. 3d DCA 1976), on similar facts, and relying upon Brown v. State, 206 So.2d 377 (Fla.1968), concluded that sexual battery involving the use of force not likely to cause serious personal injury neither was a necessarily included offense to sexual battery involving the use of a deadly weapon or use of force likely to cause serious personal injury, nor was it an offense which may or may not be *725 included depending upon the accusatory instrument and the evidence.
We agree with Harris. Here the offense could not be necessarily included because the burden of proof of the major crime can be discharged without proving the lesser crime as an essential link in the chain of evidence. Cf. Brown v. State, supra at 382. For example, in order to prove a robbery the state must also prove the occurrence of a larceny as an essential element of the major offense since every robbery necessarily includes a larceny. Id. The gist of the major offense here is the threat to use force likely to cause serious personal injury. Since no element of force likely to cause serious personal injury is involved in the lesser, the major offense is not dependent upon proof of the lesser in establishing the crime charged.
The next question is whether sexual battery involving the use of force not likely to cause serious personal injury is an offense which may or may not be included in the offense charged depending upon the accusatory pleading and the evidence. Brown v. State, supra; State v. Anderson, 270 So.2d 353, 356 (Fla.1972); Gilford v. State, 313 So.2d 729 (Fla.1975). As to such lesser offenses, Brown instructs the trial court to examine the information to determine if it alleges all the elements of a lesser offense even though it is not an essential ingredient of the major offense alleged. 206 So.2d at 383. And, if the allegations and proof are present, there should be a charge on the lesser offense. Id. For example, if an information charges assault with a deadly weapon with intent to commit robbery, aggravated assault would be a lesser offense provided use of a deadly weapon were established by proof. On the other hand, if the defendant were charged with assault with intent to commit robbery, aggravated assault could not be lesser included although simple assault would be. Id.
Here the allegations contained in count one did not support a charge of a lesser offense of sexual battery by use of physical force and violence not likely to cause serious personal injury because the allegations contained in the greater offense, while alleging sexual battery without consent, nevertheless charged also the threat to use force or violence likely to cause serious personal injury. The allegations in the greater offense were negated by the essential element in the lesser: use of physical force not likely to cause serious personal injury.
Appellant’s conviction under count one, not being lesser included to the greater, is vacated with instructions that he be discharged as to that offense. See Falstreau v. State, 326 So.2d 194 (Fla. 4th DCA 1976); Smith v. State, 365 So.2d 405 (Fla. 3d DCA 1978). As to count two, the cause is remanded to the trial court for the imposition of a sentence no greater than the maximum permitted for a felony of the second degree. Since it appears that the lower court failed to allow credit for time served prior to imposition of sentence, the court shall also make a determination of such time when resentencing. We have considered appellant’s pro se brief and conclude the points raised in it were not appropriately preserved for appellate review.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS, Acting C. J., and ROBERT P. SMITH, Jr., J., concur.

. A second degree felony under Section 794.-011(4)(b), Florida Statutes (1977).

. A felony of the third degree. Section 794.-011(5).

.A deferred sentence of this type is illegal. See State v. Bateh, 110 So.2d 7 (Fla.1959); Baggett v. State, 302 So.2d 206 (Fla. 2d DCA 1974). The lower court was obviously aware of this since its reason for deferring sentence was that the second count was duplicitous to the offense charged in the first count.