372 So.2d 525 (1979)
Vincent James LUMIA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 77-2136.
District Court of Appeal of Florida, Fourth District.
June 29, 1979.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Defendant appeals from a conviction of grand larceny after a jury trial. Defendant was charged by a two-count information with armed robbery in that he took by force "certain property of value, to-wit: money being good and lawful money of the United States of America." The information did not contain any allegation as to the amount taken.
The case proceeded to trial and defendant took the stand and testified he had taken approximately $400 from the victims during a fake drug deal but that it was not an armed robbery. After the evidence was presented, defense counsel requested that the court instruct the jury on grand larceny and petit larceny as lesser included offenses of armed robbery. The trial court gave the instructions as requested by defense counsel. The jury found defendant guilty of grand larceny.
On appeal defendant relies on Tillman v. State, 329 So.2d 370 (Fla. 2d DCA 1976), and Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975). Both of these cases are to the effect that a defendant cannot be convicted of grand larceny in a situation where the information does not assert the value of the thing taken as being in excess of $100. Haley holds that defense counsel's failure to object to a grand larceny instruction in such a circumstance cannot be held to be a waiver and concludes that a conviction of grand larceny under such circumstances constitutes fundamental error. We do not find the Haley and Tillman cases controlling in the instant situation because here the defendant affirmatively sought the court's instruction of grand larceny. There was absolutely no argument at trial that the amount taken was not in excess of $100 and it appears the defense was actually based on the theory that while defendant might be guilty of grand larceny, he was not guilty of armed robbery. Defense counsel chose this tactical approach before the jury. Also of application is the case of Thompson v. State, 368 So.2d 670 (Fla. 3d DCA 1979). Therein, the Third District speaking through Judge Alan Schwartz stated as follows:
Because he made no objections below either to the court's instructions or to the pertinent verdict form, we do not consider *526 his alternative claim, raised for the first time on appeal, that the elements of the lesser included crime of which he was convicted were not alleged in the information. Under the circumstances of this case, which are very similar to those involved in Andrews v. State, 309 So.2d 576, 577 (Fla. 1st DCA 1975) (specially concurring opinion), the alleged error was not a fundamental one which may be reviewed notwithstanding the defendant's failure to preserve the point below. Andrews v. State, supra; see also Smith v. State, 344 So.2d 905 (Fla. 3d DCA 1977), cert. denied, 353 So.2d 678 (Fla. 1977); McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971); compare Minor v. State, 329 So.2d 30, 31 (Fla. 2d DCA 1976), and cases cited.
We conclude that the error complained of here was not, under the particular circumstances of the case, fundamental. We have carefully scrutinized the record and find without question that appellant was neither prejudiced nor embarrassed in his defense. We, therefore, decline to apply the Haley and Tillman rationale, and the judgment and conviction below is hereby affirmed.
AFFIRMED.
DOWNEY, C.J., and CROSS, J., concur.