380 So.2d 541 (1980)
Eddie CARTER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 78-1815/T4-192.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
*542 Richard L. Jorandby, Public Defender, and Jack Goldberger, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
COBB, Judge.
This is a timely appeal from a judgment of guilty of sexual battery with use of force not likely to cause serious personal injury. Appellant had been charged by Information as follows:
[Appellant] did, in violation of Florida Statute 794.011(4)(b), commit a sexual battery upon [name deleted], a person over the age of eleven years, without the consent of the said [name deleted], and in the presence thereof threatened to use physical force or violence likely to cause serious personal injury to the said [name deleted] under such circumstances that the said [name deleted] reasonably believed that the said EDDIE CARTER JR. had the present ability to execute or carry out the threats.
The evidence at trial showed that appellant picked up the victim at a convenience store and took her to a secluded lake. The victim testified that there was a struggle resulting in a sexual assault. There was testimony that appellant and the victim had been "going together" for six weeks prior to the incident. In addition, appellant denied forcing the victim to have intercourse. However, a doctor who examined the victim at the hospital found splinters of wood in the palm of her hand and bruises on both her arms and right hip, plus evidence of sperm indicating she had recently had sexual intercourse.
Appellant argues that he was convicted of an offense for which he was not charged, and that the trial court erred in instructing the jury that the charge of violating Section 794.011(4)(b), Florida Statutes (1977), includes the lesser offense of sexual battery with slight force  i.e., physical force and violence not likely to cause serious personal injury per subsection (5). Appellant argues that sexual battery with slight force is not within one of the Brown v. State, 206 So.2d 377 (Fla. 1968) four categories of lesser included offenses concerning which the jury may be instructed. Appellant relies upon the recent decision in Grange v. State, 371 So.2d 723 (Fla.1st DCA 1979), where the court held that the offense of sexual battery with the use of force not likely to cause serious personal injury is not a lesser included offense of committing sexual battery by threatening to use force or violence likely to cause serious personal injury.
The state argues that the lesser offenses of Section 794.011(4) and (5), Florida Statutes, have been held to be category four lesser included offenses of Section 794.011(3), Florida Statutes, a determination which in any particular case depends upon the pleading and proof. Turner v. State, 363 So.2d 1 (Fla.4th DCA 1978); Wagner v. State, 356 So.2d 867 (Fla.4th DCA 1978); Smith v. State, 340 So.2d 1216 (Fla. 4th DCA 1976). The state then concedes in its brief that the pleading did not allege the actual use of force, but contends that the proof at trial established that some force was used; therefore, since only one prong  the proof  of the category four offense was present, even if there were reversible error as held in Grange, the appellant's failure to object at trial estops him from raising the point on appeal.
The analyses of Chapter 794 offenses by the various appellate courts in this state are not consistent. We adopt as the most cogent reasoning in this regard the opinion of the Third District Court of Appeal in Harris v. State, 338 So.2d 880 (Fla.3d DCA 1976), which cannot be reconciled with either Grange or Turner. State prosecutors may be persuaded by divergent district court opinions to employ more comprehensive charging in informations to avoid this pitfall.
*543 It is our view that the crime proscribed by Section 794.011(5) is a necessarily lesser included offense of the crime of sexual battery accomplished by the actual use of physical force likely to cause serious personal injury proscribed by Section 794.011(3). The lesser force is an essential aspect of the greater force, just as petit larceny is included in grand larceny and larceny is included in robbery. See Brown v. State, supra, and Harris v. State, supra. But the actual use of slight force is not necessarily included as an essential aspect of the crime set forth in subsection (4)(b), wherein the gist of the offense is sexual battery accomplished by threat, not by force. Nor is the offense proscribed by Section 794.011(5) a Brown category four lesser offense in this case, because the particular allegations of the accusatory pleading against Carter do not charge any use of force to accomplish sexual battery, even though there was proof at trial that such force was used. Harris v. State, supra. Hence, it was error for the trial court in this case to instruct the jury on the lesser offense of sexual battery with slight force.
The state argues, however, that the appellant failed to raise this objection at trial and is estopped to do so now, relying primarily on Castor v. State, 365 So.2d 701 (Fla.App. 1978). It is contended by the state that the error here is not fundamental, since the proof showed some force and there was no objection on this point by appellant at the charge conference, after the completion of instructions, or in any post-trial motion. Moreover, the appellant requested a penalty instruction in regard to this lesser offense and argued the refusal thereof as a ground for new trial.
There are numerous cases supporting conviction based on crimes not specifically charged because of waiver and estoppel. See, e.g., Odom v. State, 375 So.2d 1079 (Fla.1st DCA 1979); Smith v. State, 375 So.2d 864 (Fla.3d DCA 1979); Ray v. State, 374 So.2d 1002 (Fla.2d DCA 1979); Lumia v. State, 372 So.2d 525 (Fla.4th DCA 1979); and Jones v. State, 358 So.2d 37 (Fla.4th DCA 1978), cert. denied, 364 So.2d 887 (Fla. 1978).
The appellant, therefore, must rely on the doctrine of fundamental error if he is to prevail on this appeal. In support of this position, the appellant relies on Falstreau v. State, 326 So.2d 194 (Fla. 4th DCA 1976); Haley v. State, 315 So.2d 525 (Fla.2d DCA 1975); O'Neal v. State, 308 So.2d 569 (Fla.2d DCA 1975); Causey v. State, 307 So.2d 197 (Fla.2d DCA 1975); and Priester v. State, 294 So.2d 421 (Fla.4th DCA 1974). These cases, however, from the Second and Fourth District Courts have been superseded by 1978 and 1979 cases from those districts cited above.
We agree with the state on the estoppel argument, and the requirement of contemporaneous objection, in view of the more recent District Court cases, as well as the principles enunciated by the Florida Supreme Court in Castor, supra, and in Clark v. State, 363 So.2d 331 (Fla. 1978).
Accordingly, the judgment of the trial court is AFFIRMED.
UPCHURCH, J., and MILLER, ROBERT P., Associate Judge, concur.