386 So.2d 888 (1980)
Kenneth HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. LL-252.
District Court of Appeal of Florida, First District.
August 19, 1980.
Joseph S. Farley, Jr., and Lacy Mahon, Jr. of Mahon, Mahon & Farley, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
Hodges appeals a judgment and sentence finding him guilty of sexual battery with the use of force not likely to cause personal injury, as proscribed by Section 794.011(5), Florida Statutes (1978). We find no error in the trial court's denial of appellant's proffer concerning prior consensual sexual activity by the victim, under Section 794.022, Florida Statutes; no reversible error in the allegedly improper comment by the prosecutor in closing argument; and no error on the part of the trial court in failing to instruct the jury on the offense of attempt to commit sexual battery with the use of physical force and violence not likely *889 to cause serious personal injury, under Section 794.011(5), Florida Statutes.
On cross-examination of the victim, defense counsel sought to elicit testimony concerning her prior sexual conduct, and upon proffer, out of the presence of the jury, the victim testified that she had had sex once in the last three or four weeks before she was raped by appellant; that she was not dating anyone regularly, but that her former boyfriend had permitted her to stay at his residence until she could make arrangements to live elsewhere, and that she had slept with him one night. She further denied ever having anything to do with a certain named individual, and denied that she was having sex with four or five other men. The trial court denied defense counsel's request to present the proffered testimony to the jury.
The trial judge ruled correctly. Section 794.022(2), provides that specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under Section 794.011, Florida Statutes; however, under the statute (Section 794.022(2)), when consent by the victim is at issue (as it became in this case), such evidence may be admitted if it is first established to the court outside the presence of the jury "that such activity shows such a relation to the conduct involved in the case that it tends to establish a pattern of conduct or behavior on the part of the victim which is relevant to the issue of consent." The evidence presented by the State in its case in chief, prior to the proffer, disclosed that appellant, while riding in his car with the witness, Wardrup, picked up the victim who was hitchhiking and who stated that she wanted to go to Main Street to see some kin people and then wanted to ride to her home. According to Wardrup, the victim made no sexual advances toward him or appellant while he was in the car, and that the victim was not on dope, although appellant asked him to tell the authorities that the girl was on dope. Wardrup was let out of the car at his home, following which appellant took the victim to a wooded area, where the alleged sexual battery occurred. The victim denied that she gave appellant permission to make advances, stated that appellant threatened to kill her, and that she was crying and screaming during the assault. In his statement given to an officer of the Jacksonville Sheriff's Department, appellant denied having sexual intercourse with the victim. When appellant took the stand in his own defense, he testified that the victim willingly had sex with him.
We agree with the ruling of the trial judge that the proffered testimony fails to show such a relation to the conduct involved in the case that it tends to establish a pattern of conduct or behavior on the part of the victim which is relevant to the issue of consent. Such a determination obviously involves the exercise of judgment on the part of the trial court, sitting as a trier of the facts in determining admissibility of evidence under the statute. Here, one episode of sexual intercourse three or four weeks before the assault hardly establishes a "pattern of conduct or behavior" on the part of the victim; and the evidence of having slept with her boyfriend on one occasion bears no relation to the issue of whether the victim consented during this hitchhiking encounter. Evidence merely disclosing prior sexual activity or looseness of morals in that regard is not admissible under the statute. In order to be admissible, the evidence must be of such a nature as to give rise to a reasonable assumption that because the victim engaged in a certain disclosed pattern of conduct or behavior, the victim probably consented to the same activity with the accused. In this respect, the test for admissibility is much like that for admission of "other crime" evidence under Williams v. State, 110 So.2d 654 (Fla. 1959), and its progeny. The proffered conduct simply fails to meet the test required by the statute.
The prosecutor's unobjected to comment in closing argument that the defendant had failed to show that the State's witnesses ever lied does not constitute fundamental error, and is not subject to review. *890 State v. Cumbie, 380 So.2d 1031 (Fla. 1980).
Finally, we find no merit in appellant's contention that the statements of the trial judge concerning instructions she intended to give were misleading, and appellant's failure to object to the instructions as given precludes review under Florida Rule of Criminal Procedure 3.390(d). In this case the original information, filed March 15, 1978, charged the offense of sexual battery by use of physical force and violence not likely to cause serious personal injury, Section 794.011(5), Florida Statutes. However, on July 10, 1978, an amended information in the same case was filed charging sexual battery by coercing the victim to submit by threatening to use force or violence likely to cause serious personal injury, Section 794.011(4)(b), Florida Statutes. It is clear that the case proceeded to trial on the amended information, and the offense of sexual battery by the use of physical force and violence not likely to cause serious personal injury was treated as a lesser included offense. The trial judge gave jury instructions on the offense charged, that is, sexual battery by threatening to use force likely to cause serious personal injury, attempted sexual battery by threatening to use force likely to cause serious personal injury, sexual battery with the use of force not likely to cause serious personal injury, battery, and assault. No objection was made to the trial court's failure to instruct on the offense of attempt to commit sexual battery with the use of force not likely to cause serious personal injury, nor was any objection made to the verdict form which contained only the offenses upon which jury instructions were given.
Our decision is guided by the recent decision of the District Court of Appeal, Fifth District, in Carter v. State, 380 So.2d 541 (Fla. 5th DCA 1980). In Carter the appellate court affirmed defendant's conviction of sexual battery with the use of force not likely to cause serious personal injury, based upon a jury instruction, given without objection, treating this offense as a lesser included offense of the crime charged, viz, sexual battery by threatening to use physical force or violence likely to cause serious personal injury, under Section 794.011(4)(b). In this case, as in Carter, there was proof of force as required for the offense under Section 794.011(5), and the trial court without objection treated the offense under Section 794.011(5) as a lesser included offense of the crime charged. An instruction was given in this case on the offense of attempt to commit the crime charged, under Section 794.011(4)(b), which satisfies Rule 3.510, Rules of Criminal Procedure, requiring an instruction on the attempt to commit the offense charged. Appellant does not raise the issue that was argued in Carter, supra, that he was convicted of an offense for which he was not charged; and appellant's brief contains no reference to conflict between Carter and Grange v. State, 371 So.2d 723 (Fla. 1st DCA 1979), on the issue of whether the offense under Section 794.011(5) is a lesser included offense of sexual battery under Section 794.011(4)(b).
The judgment and sentence are AFFIRMED.
McCORD and SHIVERS, JJ., concur.