448 So.2d 1096 (1984)
Harris ADKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1468.
District Court of Appeal of Florida, Fourth District.
March 28, 1984.
Rehearing Denied May 17, 1984.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant was convicted of burglary with an assault as well as sexual battery with slight force. He raises two issues on appeal, neither of which has merit but one of which, the trial court's exclusion of evidence upon the defense of consent, we wish to discuss in affirming.
Both parties appropriately rely upon section 794.022(2), Florida Statutes (1981), which provides:
Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under s. 794.011; however, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court outside the presence of the jury that such activity shows such a relation to the conduct involved in the case that it tends to establish a pattern of conduct or behavior on the part of the victim which is relevant to the issue of consent.
In cases dealing with the foregoing statute, we are of the opinion that each appellate court can be of great assistance to the trial bench and bar by (a) differentiating between reputation and specific acts and (b) reciting the proffered evidence the trial judge rejected in the case under consideration. Accordingly, we appreciate our companion court's opinion in McElveen v. State, 415 So.2d 746 (Fla. 1st DCA 1982), which recited:
The defense's proffered testimony indicated that the victim was an unchaste woman. Most of this evidence revealed that the victim had a reputation for promiscuity. Such evidence consisted of the victim's having adulterous affairs, picking up strange men at bars, and making dates with truck drivers over a C.B. radio. One witness saw the victim leave local bars with strangers. There was additional evidence relating to specific instances of sexual conduct in which one local citizen admitted having a sexual relationship with the victim a year before the alleged crime, and another testified she had seen the victim in bed with her ex-husband on two separate occasions. The trial court declined the admission of the proffered evidence, but permitted testimony revealing that co-defendant Watt, also charged with aiding and abetting the sexual battery, participated in a sexual encounter with the victim the night before the alleged crime.

*1097 The appellant's proffer actually involves two types of evidence: hearsay/reputation evidence and evidence of specific sexual conduct. At common law the former type of evidence was admissible into evidence. See Thomas v. State, 249 So.2d 510 (Fla. 3d DCA 1971).
Id. at 747. On those facts, the court said:
A commentator has suggested that the omission of hearsay/reputation evidence from the statute requires that the common law be followed. See, Note, Florida's Sexual Battery Statute: Significant Reform But Bias Against the Victim Still Prevails, 30 U.Fla.L.Rev. 419, 432-433 (1978).
The Florida Evidence Code has not changed the law in this respect. Section 90.404(1)(b)(1) provides:
(1) Character evidence generally.  Evidence of a person's character or a trait of his character is inadmissible to prove that he acted in conformity with it on a particular occasion, except:
* * * * * *
(b) Character of the victim, 
(1) Except as provided in s. 794.022, evidence of pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the trait; ... .
We therefore conclude that evidence relating to the victim's reputation as to unchaste conduct should have been admitted, and its exclusion constitutes reversible error.
Section 794.022 does, however, bar evidence of specific sexual acts unless that evidence establishes a pattern of conduct relevant to the issue of consent. Hodges v. State, 386 So.2d 888 (Fla. 1st DCA 1980). There, we held that one isolated act of premarital sex did not constitute a "pattern of conduct" within the meaning of Section 794.022(2). Although the proffered testimony in this case does reveal three specific instances of sexual activity, that evidence is not so repetitive or frequent as to establish a "pattern of behavior." Accordingly, we agree that the lower court did not err in refusing to admit such testimony into evidence.
Id. at 747-748. See, also, Winters v. State, 425 So.2d 203 (Fla. 5th DCA 1983) which held:
Appellant proffered evidence of some specific consensual sexual activities between the victim and other persons, but this does not meet the test of the statute. The few isolated instances presented did not present a "pattern of conduct or behavior," see Hodges v. State, 386 So.2d 888 (Fla. 1st DCA 1980), and the trial court properly excluded that evidence.
Id. at 204. Here, the defense sought to determine if the victim, a twenty-three year old nurse, had lived with two men in the past other than the doctor with whom she had been living for five months at the time of the offense.[1] The trial judge considered, in his judgment, such evidence to be insufficient to meet the statute's requirement and appellant has provided neither authority nor reason to erase the exercise of that judgment. Judge Larry G. Smith, in Hodges v. State, 386 So.2d 888, 889 (Fla. 1st DCA 1980) provided us with (a) an analysis for application of the statute and (b) an overview of what the trial judge is about in such cases:
We agree with the ruling of the trial judge that the proffered testimony fails to show such a relation to the conduct involved in the case that it tends to establish a pattern of conduct or behavior on the part of the victim which is relevant to the issue of consent. Such a determination obviously involves the exercise of judgment on the part of the trial court, sitting as a trier of the facts in determining admissibility of evidence under the statute. Here, one episode of sexual intercourse three or four weeks before the assault hardly establishes a "pattern of conduct or behavior" on the part of the victim; and the evidence of having slept with her boyfriend on one occasion bears no relation to the issue of whether the victim consented during this *1098 hitchhiking encounter. Evidence merely disclosing prior sexual activity or looseness of morals in that regard is not admissible under the statute. In order to be admissible, the evidence must be of such a nature as to give rise to a reasonable assumption that because the victim engaged in a certain disclosed pattern of conduct or behavior, the victim probably consented to the same activity with the accused. In this respect, the test for admissibility is much like that for admission of "other crime" evidence under Williams v. State, 110 So.2d 654 (Fla. 1959), and its progeny. The proffered conduct simply fails to meet the test required by the statute.
Each case to which section 794.022(2) applies is going to involve a judgment call by the trial judge. Trial judges will apply common sense to distinguish shadows on the wall from legitimate indicators of consensual conduct. We shall do likewise to distinguish rulings we should uphold from those we should upset. The object is to prevent equally the transformation of victimized females into persons on trial and innocent male defendants into victims.
ANSTEAD, C.J., and DOWNEY, J., concur.
NOTES
[1] The question was erroneously posed to the victim in the presence of the jury. The statute expressly requires counsel to proffer the evidence on the subject outside of the jury's presence.