WIGGINTON, Judge.
Appellant appeals his convictions after trial by jury of defrauding an innkeeper, in violation of section 509.151, Florida Statutes, and grand larceny by use of a credit card in violation of section 817.481, Florida Statutes. We affirm.
Appellant was represented on appeal by court-appointed counsel, who filed a brief on appellant’s behalf pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he cites no reversible error. Although we agree that no reversible error is evident from the record on appeal, one issue merits discussion.
Prior to trial, appellant moved to require the State to elect between the counts, arguing that the counts arose from the same set of circumstances requiring essentially the same elements of proof and that trial on both counts would place appellant in double jeopardy. Also, in his statement of judicial acts to be reviewed, appellant’s trial counsel cited error in the trial court’s denial of that motion. We hold that denial of the motion was proper since the two counts do not constitute the same offense for pur *869 poses of double jeopardy considerations. As stated in Portee v. State, 447 So.2d 219 (Fla.1984):
If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally “the same offense” and a person cannot be put into jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual elements.
Each of the two counts charged contains elements not included in the other count. For example, section 817.481 requires proof of improper use of a credit card, whereas section 509.151 has no such requirement. Section 509.151 requires a showing that the defendant obtained food, lodging or other accommodations from a public food service or public lodging establishment with the intent to defraud, whereas section 817.481 has no requirement that an “innkeeper” be defrauded. Thus, section 817.481 applies to any type of crime in which one obtains credit or goods through improper use of a credit card, and section 509.151 applies to any situation in which a person obtains food, et cetera, from an “innkeeper” with intent to defraud even without the use of a credit card. In Borges v. State, 415 So.2d 1265 (Fla.1982), the court stated:
If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other.
The court further indicated that even if the evidentiary proof provides an overlapping of the crimes, similar to the “category 4” concept of offenses that may or may not be lesser included offenses under Brown v. State, 206 So.2d 377 (Fla.1968), the elements of the crimes charged do not necessarily become welded to the point that separate convictions are not proper. The court also recognized that:
[Wjhere the legislature has expressed its intent that separate punishments be imposed upon convictions of separate offenses arising out of one criminal episode, the Double Jeopardy Clause is no bar to such imposition. [Citation omitted]. The “power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly with the” legislature. [Citation omitted]. The Double Jeopardy Clause forbids the state to seek and the courts to impose more than one punishment for a single commission of a legislatively defined offense.... The Double Jeopardy Clause “presents no substantive limitation on the legislature’s power to prescribe mutual punishments,” but rather, “seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.”

... But the power of definition of a crime resides wholly with the legislature.
Id. at 1267.
Finding no error below, we AFFIRM.
SHIVERS and WENTWORTH, JJ„ concur.