506 So.2d 1 (1986)
Thomas Vincent MICHUTKA, Appellant,
v.
STATE of Florida, Appellee.
No. BL-4.
District Court of Appeal of Florida, First District.
December 10, 1986.
Rehearing Denied April 29, 1987.
Thomas Vincent Michutka, pro se.
Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Michutka appeals the denial, without a hearing, of his Fla.R.Crim.P. 3.850 motion for post conviction relief. We reverse.
Michutka was convicted of one count of defrauding an innkeeper of more than $100 and one count of grand theft by use of a credit card, both third degree felonies. §§ 509.151(1) and 812.014, Fla. Stat. (1983). Section 509.151(1) provides that if the value of the food or lodging obtained by fraud is worth $100 or more the offense is a third degree felony. If the value is less than $100, the offense is a second degree misdemeanor. In his 3.850 motion Michutka asserts as his first two grounds for relief *2 that the information charging him with defrauding an innkeeper failed to state that the value of the food or lodging was $100 or more. Therefore, he argues, both the conviction and sentence for a third degree felony are illegal since the information charged only a second degree misdemeanor. Michutka also asserts as grounds for relief that he received ineffective assistance of counsel by virtue of his lawyer's failure to discover and attack the validity of the information and in other respects. The court summarily denied Michutka's motion, stating that all of the grounds were or should have been raised on direct appeal. This denial was incorrect for several reasons.
An information which fails to allege the value of the goods obtained by fraud pursuant to § 509.151 charges a misdemeanor. Hinson v. State, 436 So.2d 437 (Fla. 4th DCA 1983). If the information charges a misdemeanor and the proof adduced at trial is that the value does in fact exceed $100 the defendant nevertheless may only be convicted of a misdemeanor. Tillman v. State, 329 So.2d 370 (Fla. 2d DCA 1976); Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975). In the instant case Michutka was charged only with a misdemeanor, although the proof at trial was that the value of the food and lodging in question was over $400. Because Michutka was not charged with a felony under § 509.151 he cannot be convicted of or sentenced for a felony regardless of the proof adduced at trial. It is fundamental error to convict a defendant of a crime with which he has not been charged. Tillman v. State. Therefore Michutka's first two grounds state valid claims for relief, and summary denial was improper.
Michutka's final ground for relief alleging ineffective assistance of counsel was also improperly denied. Although a claim of ineffective assistance of counsel can be raised on direct appeal, generally it is a collateral matter which should be raised by a motion for post-conviction relief. Stewart v. State, 420 So.2d 862 (Fla.), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366, reh. denied, 462 U.S. 1124, 103 S.Ct. 3099, 77 L.Ed.2d 1357 (1982).
We reverse the denial of relief and remand with instructions that the circuit court correct the judgment and sentence to reflect a second degree misdemeanor conviction for the charge of defrauding an innkeeper. Michutka's claim of ineffective assistance of counsel was improperly denied and upon remand the court should conduct further proceedings in accordance with the provisions of Fla.R.Crim.P. 3.850.
REVERSED and REMANDED.
BOOTH, C.J., and ERVIN, J., concur.

ON REHEARING
THOMPSON, Judge.
In its motion for rehearing the state, relying on State v. King, 426 So.2d 12 (Fla. 1983), argues that the legality of Michutka's conviction and sentence for grand theft by use of a credit card was not properly preserved for review because the defective information was never challenged below, and because the conviction and sentence was affirmed by this court upon direct appeal in Michutka v. State, 478 So.2d 868 (Fla. 1st DCA 1985). As we stated in our opinion, Michutka's conviction and sentence for an offense with which he was never charged is fundamental error. Haley v. State, 315 So.2d 525, 527 (Fla. 2d DCA 1975). Accordingly, the legality of the conviction can be properly considered pursuant to Michutka's Fla.R.Crim.P. 3.850 collateral attack on his judgment and sentence. Clark v. State, 363 So.2d 331 (Fla. 1978); Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977).
The motion for rehearing is denied.
BOOTH, C.J., and ERVIN, J., concur.