## STATE OF FLORIDA v STEWART
### Case No. 86-2435-G
Fourteenth Judicial Circuit, Bay County

September 2, 1987

### APPEARANCES OF COUNSEL

**James C. Husbands,** Assistant State Attorney, for plaintiff.
**Alvin L. Peters** for defendant.

### OPINION OF THE COURT

WILLIAM A. COOPER, JR., Acting Circuit Judge.

Defendant has moved to establish the admissibility of specific instances of prior consensual sexual activity, pursuant to Fla. Stat. Section 794.022(2) (1985). At the hearing on this motion, defendant presented the testimony of various witnesses, including the alleged victim. All of the other witnesses testified to having experienced sexual encounters with the victim. Defendant seeks to present their testimony to the jury because he intends to rely upon consent as a defense. The statute provides that only that evidence of prior consensual sexual activity which "tends to establish a pattern of conduct or behavior on

1

the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent" is admissible.

"In order to be admissible, the evidence must be of such a nature as to give rise to a reasonable assumption that because the victim engaged in a certain disclosed pattern of conduct or behavior, the victim probably consent to the same activity with the accused. In this respect, the test for admissibility is much like that for admission of 'other crime' evidence under *Williams v. State*, 110 So.2d 654 (Fla. 1959), and its progeny." *HODGES v. STATE*, 386 So.2d 888, 889 (Fla. 1st DCA 1980).

In order to rule upon the admissibility of this proffered testimony, it is necessary to compare it with the version of events that defendant has indicated in his motion that he will testify to at trial.

Defendant asserts in his motion that he met the victim for the first time at a bar one evening; that after playing a few games of pool with her, she asked for illicit drugs and agreed to submit to sexual intercourse with defendant in return for them; that she left with defendant in his van and he drove to a secluded area, whereupon they engaged in consensual intercourse; and that she became physically violent with defendant upon learning that he had lied to her about having any drugs.

The Court finds that the elements which would have to be present in any of the proffered scenarios in order to be similar enough to be relevant under the statute are:

1. consensual sexual activity with the victim
2. by a person either unknown to or only slightly familiar to her
3. following an agreement, express or implied, between the two of a delivery of drugs, money or other valuable consideration in return for sexual favors from the victim.

Characterized another way, the defendant's story is basically one of a prostitute turning violent when payment is withheld. However, the Court does not find that the elements of withholding the agreed-upon consideration and the subsequent violence by the victim are essential to a finding of relevancy under the statute.

The instances of similar conduct proffered by the defendant are listed in paragraph 16 of his motion and consist of 17 incidents testified to by the victim, some of which were corroborated by other witnesses at the hearing, and one general statement by her to the effect that there could have been others. Reviewing these proffers, the Court finds that four instances are within the criteria outlined, these being the instances

2

referred to in paragraph 16, sub-paragraphs (a), (f), (i) and (p). In only one of the four instances that the Court finds to be sufficiently similar to be relevant has the victim actually admitted entering into an agreement to exchange sex for consideration (this incident was denied by the other alleged participant at the hearing), but in the other three, the use of drugs either preceded or followed sexual intercourse, under circumstances giving rise to a reasonable inference that such an agreement was implicit. All of the other incidents, while evidence of promiscuity, are sufficiently distinguishable from the defendant's story to be irrelevant under this statute. It is therefore,

ORDERED AND ADJUDGED that defendant's motion be, and the same is hereby, granted to the extent set forth above.

DONE AND ORDERED in chambers at Panama City, Bay County, Florida, this 2nd day of September, 1987.