PER CURIAM.
Calvin Scott was arrested and charged with possession of heroin and conspiracy to traffic in heroin. A jury trial was held where Scott raised an entrapment defense. The jury returned a verdict finding the defendant guilty of lesser included offenses — attempted trafficking and conspiracy. On appeal, Scott contends that the trial court deprived him of his sixth amend *1137 ment right to full and adequate cross-examination, thus impairing his ability to present an entrapment defense.
At trial the State’s chief witness, Officer Paez, testified that a confidential informant voluntarily offered to provide police with information about narcotics dealers in the Liberty City area. Paez asked the informant to introduce him to Scott. When questioned by the prosecutor as to his reasons for wanting the introduction, Paez replied that he had been advised that Mr.' Scott was involved in high-level drug trafficking in Liberty City. Defense counsel did not object or move to strike the response.
On cross-examination, in an attempt to elicit from the officer his information source concerning the defendant’s alleged high-level involvement in the drug trade, defense counsel questioned Paez about the contents of intelligence files in the Florida Department of Law Enforcement computer bank. He asked, “Do you know if Calvin Scott was on the computer?” The prosecutor’s objection on grounds of hearsay and relevance were sustained by the court as “classic hearsay.” Defense counsel then abandoned the line of questioning regarding the officer’s information source.
Cross-examination of Paez was interrupted again when the court sustained the State’s objection to a question whether the informant had been convicted of a crime.
For the following reasons no reversible error is demonstrated. First, by rephrasing the question, the officer’s source of information could have been pursued. The court’s ruling sustaining the objection to the contents of a computer printout was not a ruling that the information sought was irrelevant — only that the information sought would have been inadmissible hearsay if it came in through the officer’s testimony. A records custodian could have been called to testify as to computerized law enforcement records, Pickrell v. State, 301 So.2d 473 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 585 (Fla.1975), or a computer printout could have been admitted after the establishment of a proper predicate. Cofield v. State, 474 So.2d 849 (Fla. 1st DCA 1985). Further, the officer was never asked directly to identify the information source. .
Second, the background of the known informant, Benjamin Charles, was not shown to be relevant to the State’s case or the entrapment defense. The informant’s role in the investigation was limited to introducing the officer to the defendant. He took no part in the discussions preceding or during the drug transaction, and was not called as a witness. See State v. Manderville, 512 So.2d 326 (Fla. 3d DCA 1987) (knowledge of informant not necessary where informant did not witness or participate in the trafficking offense). Compare Morris v. State, 487 So.2d 291 (Fla.1986) (conduct of nontestifying informant-agent is relevant and admissible where the informant solicited the defendant’s participation in drug deal).
Here, as in State v. Konces, 521 So.2d 313 (Fla. 3d DCA 1988), the police did not set up a trafficking transaction; they sought to and did succeed in confirming the existence of a drug trafficking operation. Soon after meeting the undercover agent, the defendant acquiesced by telling the agent that he needed cocaine immediately, by showing his intimate connection with reputed traffickers, and by giving verbal assurances of an ability to deliver. On that evidence, the jury obviously found a predisposition of the defendant to commit the offense and thus rejected his entrapment defense. See State v. Wheeler, 468 So.2d 978 (Fla.1985) (state may prove that there was no entrapment with evidence of the defendant’s ready acquiescence).
We conclude that there was no improper limitation on the defendant’s cross-examination of the State’s witness, and that there is no basis for overturning the jury verdict.
Affirmed.