BARKDULL, Judge.
The appellant was convicted of attempted trafficking in heroin and conspiracy to traf-fick in heroin. He was sentenced to twenty-five years on the conspiracy count and five years on the attempted trafficking count, to run concurrently with the sentence on the conspiracy count. The convictions and sentences were affirmed on appeal by this court in Scott v. State, 552 So.2d 1136 (Fla. 3d DCA 1989). Subsequent to the affirmance on direct appeal, the appellant filed a motion to vacate pursuant to Rule 3.850, Florida Rules of Criminal Procedure alleging the following grounds for vacation of the judgment and sentence (1) denial of effective assistance of trial counsel in that trial counsel did not object to the trial court’s failure to instruct the jury that, as an element of the offense charged, it was necessary that the appellant knew the bag contained heroin, (2) the trial court erred in limiting cross examination of the detective who had federal charges pending against him, (3) denial of effective assistance of counsel in that trial counsel failed to raise the defense that no conspiracy exists when the only alleged coconspirator is a government agent, (4) denial of effective assistance of trial counsel in that trial counsel failed to request a jury charge on a lesser offense of conspiracy to traffick, (5) denial of effective assistance of trial counsel by failing to object or move to strike testimony of state witness that the appellant was a well known drug trafficker, (6) the trial court improperly instructed the jury that it could not read back testimony without knowing what testimony the jury wanted read back, and (7) the trial court erred in receiving a communication from the jury without prior notice to defense counsel or the defendant and acted on the response without the presence of the defendant and trial counsel.
The trial court summarily denied the motion to vacate finding that the allegations contained therein do not constitute legal grounds for granting the new trial or release of the prisoner, and the motion was insufficient in substance to support the relief prayed. We affirm in part and reverse in part for the following reasons. The appellant’s points 1, 2, 4, 5, 6 and 7 are procedurally barred, in that they could have been raised, should have been raised, on direct appeal, as was point 2. See Swaffard v. Dugger, 569 So.2d 1264 (Fla.1990); Gorham v. State, 521 So.2d 1067 (Fla.1988); State v. Bolender, 503 So.2d 1247 (Fla.1987); Straight v. State, 488 So.2d 530 (Fla.1986). Furthermore, point 7 is conclusively refuted by the record. Therefore, the trial court is affirmed as to the appellant’s points 1, 2, 4, 5, 6 and 7.
Point 3 is another matter. Rule, 3.850, Florida Rules of Criminal Procedure requires that a moving defendant is entitled to an evidentiary hearing unless the motion and the files and records in the case conclusively show he is entitled to no relief. A claim of ineffective assistance of counsel is an appropriate ground for a 3.850 motion. See Meeks v. State, 382 So.2d 673 (Fla.1980); Chambers v. State, 530 So.2d 452 (Fla. 1st DCA 1988). The allegations in point 3 are appropriate for relief under Rule 3.850, Florida Rules of Criminal Procedure. See Michutka v. State, 506 So.2d 1 (Fla. 1st DCA 1987). The motion states a facially sufficient allegation of ineffective assistance of counsel as to point 3, and because we cannot say that the issue shows a lack of merit so as to obviate the need for an evidentiary hearing thereon, we reverse as to the issue raised in point 3, and remand to the trial court to hold an *1028 evidentiary hearing as to ineffective assistance of counsel raised in point 3 of the appellant’s motion.
Affirmed in part, reversed in part and remanded with directions.