PER CURIAM.
In this sexual battery prosecution in which the victim’s consent is at issue, the state seeks certiorari review of a nonfinal order denying the state’s motion to strike the proffered testimony of three defense witnesses. The trial judge stayed the trial pending this court’s determination of the petition for writ of certiorari. We grant the petition.
The defense sought to introduce evidence of the victim’s prior consensual sexual activity with three men other than Phillip Pancoast, the defendant. In accordance with section 794.022(2), Florida Statutes (1989), the judge conducted an in camera proceeding at which he reviewed the affidavits and depositions of the three witnesses and the deposition of the victim. After hearing argument of counsel, the judge found that the evidence revealed a pattern of conduct on the part of the victim that was, in the words of the statute, “so similar” to the victim’s conduct in the present prosecution. The trial judge noted similarity in the ages of the witnesses, the time of day of the encounters, the type of sexual activity, the absence of unusual sexual activity, the relationship of the witnesses to the victim’s son, and the nature of each encounter as a “one night thing.” We disagree with the trial court’s finding of a pattern of conduct under the Rape Shield Law.
The 43-year old victim claims that the defendant entered her house in the early morning hours when she was asleep and forced her to permit him to perform oral sex on her and to have sexual intercourse. Her assailant wore rubber gloves on his hands and a pillow case over his head. At various times during the encounters, he placed his gloved hands over and in her mouth and the pillow case over her head. She suffered injuries to her leg and received red marks on her neck where he held her against her will.
The defendant is the victim’s daughter-in-law’s brother. He was nineteen years old at the time of the alleged offense. He claims he stopped by her house one evening and she invited him in. She had been drinking some wine. Shortly after his arrival, she led him into her bedroom where they had sexual intercourse and performed oral sex on each other. He claims he was not wearing gloves but may have had rubber gloves in his pocket, which he needed for his job at a nursing home.
In the past, the victim allegedly has engaged in sexual activity with three friends of her son and his wife. Two of the witnesses claim to have had sexual encounters with the victim five to six years prior to the acts which are the subject of this prosecution, while the other witness’s encounter was approximately six months earlier. Two of the witnesses were in their early to *164 middle twenties when the victim, at that time being thirty-seven, had sexual encounters with them. The other witness was thirty-three and the victim was forty-two at the time of their sexual encounter. Two of the witnesses claim that they performed oral sex on the victim before having sexual intercourse with her. All three insinuate that the victim initiated the encounters.
The prior encounters with two of the witnesses occurred at the victim’s house at nighttime. The prior encounters with the other witness, which included two totally separate occasions, occurred the first time at the witness’s residence in the daytime and the second time at the victim’s house at night. With two of the witnesses, the victim allegedly expressed a desire to continue seeing them at the end of the encounter. None of the three witnesses wished to continue a relationship and none continued seeing the victim. All three witnesses claim that the victim consumed some type of intoxicant before the encounters, although the type and quantity of intoxicant she consumed varied with each encounter.
This is not a case like Lewis v. State, 591 So.2d 922 (Fla.1991), in which the defendant raised the defense that the victim fabricated the rape to conceal a prior sexual relationship with a third party. This case is more akin to Young v. State, 562 So.2d 370 (Fla. 3d DCA 1990). In Young, the victim had prior consensual sexual intercourse with three members of a group of friends, two of whom had girlfriends. The victim had initiated the prior consensual sexual activity, which had been “normal” and not “kinky.” The court held that although the victim may have consented to the same type of sexual activity, sexual intercourse, with the defendant as she had with the three friends, no evidence was presented to show that she consented to violence or physical abuse in any encounter.
We find, as did the court in Young, that no evidence was proffered to show that any physical abuse occurred in the prior consensual encounters or to show that the victim consented to violence or physical abuse in the encounter with the defendant. The vie-tim did not cry rape” after the prior consensual encounters; in fact, the witnesses claim that she wanted to continue the relationships. In none of the prior consensual encounters did the men wear gloves or a pillow case. While it is true that all the prior encounters occurred with men younger than the victim, this alone is insufficient to establish a pattern of conduct warranting the admission of prior consensual sexual activity. Permitting the three prior consensual sexual partners to testify would emasculate the Rape Shield Law.
We conclude that the trial court departed from the essential requirements of law in its application of the Rape Shield Law and its determination that a pattern was established sufficient to warrant the admission of specific instances of prior consensual sexual activity. Accordingly, the petition for writ of certiorari is granted and the order denying the state’s motion to strike is quashed.
Petition granted.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.