RAMIREZ, C.J.
Jean Richemond appeals his conviction and sentence for armed robbery. He has raised as the sole grounds for reversal that the State’s closing argument, in which the prosecutor urged the jury to find Riche-mond guilty because his innocence had not been proven and explicitly invited the jury to consider the firearm in the case as evidence of his character and ability to access firearms, deprived Richemond of a fair trial. We need not reach this issue because Richemond failed to preserve this issue for appeal. Thus we affirm.
The evidence in this case was as flimsy as a spiderweb. On November 26, 2007, Sunderal Paliwal was delivering a pizza to the Greenwhich Apartments when two men robbed him. According to Paliwal’s testimony, when he arrived at the unit that placed the order, the person inside told him no one at that address had ordered a pizza. Paliwal then called the telephone number on the receipt to verify the address. The person he spoke to informed him that he was in the wrong building and instructed him to go to a specific apartment in another building. Paliwal proceeded to that address where he encountered several men inside the apartment. The men informed Paliwal they had not ordered the pizza and began harassing him. Upset by the way he was treated, Paliwal left. As he placed the undelivered pizza in the trunk of his vehicle, two men robbed him at gunpoint.
Police suspected that the individuals who attacked Paliwal had been the persons that had originally ordered the pizza. Us *283 ing telephone records, the police tracked down the phone number from which the pizza order had been placed. Evidently, the police used the phone number to compile a photo array and asked Paliwal two or three weeks after the incident to identify the person who robbed him. Paliwal identified Richemond. Richemond was subsequently arrested and charged with one count of armed robbery with a firearm and one count of possession of a firearm by a convicted felon. After his arrest, Richemond admitted that the phone was in the name of his sister.
A trial was held solely on the count of robbery with a firearm. Paliwal testified about the events leading up to the robbery. He described the gun used in the robbery as a “sawed off’ shotgun with a wooden handle. He also admitted during cross-examination that he was only seventy percent sure he had picked the right person from the six-man photographic lineup. He could not identify Richemond in court.
Detective Sidd testified that when he arrested Richemond, he seized a shotgun in the apartment. The shotgun was not sawed-off, nor did it have a wooden handle. The shotgun belonged to Michelle Alamo, Richemond’s live-in girlfriend. The State introduced the shotgun into evidence without objection.
We now turn to the issue of whether the prosecution made improper comments during closing arguments. The first objection to the prosecution’s comments made during closing argument was the following:
MS. TARAFA: However, what we do know by this shotgun sitting right here that was found in plain view in the apartment where this defendant was arrested is that this guy has access to gun. He has access to guns, and you know that he likes rifles. He likes rifles.
MS. RUIZ: Objection. Improper argument.
COURT: Sustained.
MS. FOSTER (Richemond’s other attorney): Move to strike.
COURT: Strike that part of the argument.
It seems from the context that defense counsel was only objecting to the fact that Richemond likes rifles because after this exchange, the prosecutor proceeded to discuss the shotgun without objection.
During its rebuttal closing argument, the next objection made to the prosecution’s arguments that could relate to the argument on appeal was the following:
MS. TARAFA: OK. This gun is in evidence because it shows to you all that the defendant has access to firearms, OK? That is it.
You can decide if this gun is the one that was used in the robbery or not.
But frankly, if you decide that this gun is not the one used in the robbery, but you know that Jean Richemond did, in fact, commit the robbery based on all the other evidence, you should still convict him of armed robbery, because we do not have to put a gun into evidence for you to be — for a defendant to be convicted of armed robbery.
We do not have to.
You just need to believe the testimony that a gun was held to Mr. Paliwal’s head.
It could have been a different gun. It does not matter. It is up to you to decide.
I know you guys were wondering, does the butt of this gun reflect differently under lights, to see if it could look like wood?
Well, it definitely has a yellow sticker on it.
MS. RUIZ: Objection.
*284 COURT: I’m sorry?
MS. FOSTER (Defendant’s other attorney): Objection, Judge.
COURT: Overruled. This is argument.
Again, the context indicates that defense counsel was objecting to the reference to the yellow sticker, the significance of which is riot argued on appeal.
The last objection came at the very end of the State’s rebuttal:
MS. TARAFA: And I am certain that you are going to do the right thing, and you are going to listen to that abiding conviction of guilty that is based upon the evidence and only the evidence that has been presented in this courtroom over the past few days, and you are going to do the right thing and find the defendant guilty.
MS. RUIZ: Objection. Improper argument.
COURT: Overruled.
Statements made during closing argument are preserved for appeal by making a contemporaneous objection, which if sustained, must be followed by a request for a curative instruction or a motion for mistrial. See Capron v. State, 948 So.2d 954, 956 (Fla. 5th DCA 2007). The objection must also be sufficiently specific. “Under the contemporaneous objection rule, an issue is properly preserved if the trial court knows that an objection was made, clearly understands the nature of the objection, and denies that request.” Ferguson v. Secretary for Dep’t. of Com., 580 F.3d 1183, 1212 (11th Cir.2009) (citing Thomas v. State, 419 So.2d 634, 636 (Fla.1982)). Additionally, courts have avoided the necessity of magic words when stating an objection as long as counsel articulates the objection with sufficient specificity as “to inform the trial judge of the alleged error.” Ferguson, 580 F.3d at 1212 (citing Williams v. State, 414 So.2d 509, 512 (Fla.1982)).
We do not believe these objections apprised the trial court that Richemond was complaining that the State was suggesting that a defendant has an obligation to prove his own innocence. We therefore conclude that he failed to preserve the issue argued on appeal.
Affirmed.