# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2017.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-2441
Lower Tribunal No. 13-201-A-P

————————————

**Pedro Portillo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, William R. Ptomey, Jr., Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before LOGUE and SCALES, JJ., and SHEPHERD, Senior Judge.

LOGUE, J.

In a case of first impression, we are asked to decide whether Florida's Rape Shield Law serves to shield the defendant from the victim's testimony. Pedro Portillo appeals his conviction for attempted sexual battery. Portillo argues that the victim's testimony violated section 794.022(2), Florida Statutes (2014), a subsection of Florida's Rape Shield Law. He cites to the victim's testimony in which she referenced her prior sexual experience to explain her perception of Portillo's behavior. We affirm for three reasons. First, Portillo failed to preserve this argument for review. Second, a defendant cannot rely on the Rape Shield Law to limit a victim's testimony on direct examination. And third, any error that may have resulted from the brief and fleeting reference was harmless.

Background

Portillo was charged with attempted sexual battery under sections 794.011(5) and 777.04(1), Florida Statutes (2013). The charge required proof that Portillo intended to digitally penetrate the victim's vagina. See Lakey v. State, 113 So. 3d 90, 91 (Fla. 5th DCA 2013). The adult victim testified that while visiting her mother's home, Portillo, who lived with the victim's mother, entered the bathroom where she was taking a shower, groped her, and attempted penetration with his fingers. The testimony at issue reads as follows:

> STATE: Have you had any romantic involvements with a man similar to the actions that Mr. Portillo was trying to do to you that day?
>
> VICTIM: I guess can you rephrase it?

2

STATE: Has a man ever tried to digitally penetrate—

VICTIM: Yes.

STATE: Your vagina?

VICTIM: Like boyfriend?

STATE: Yes.

DEFENSE COUNSEL: Objection.  Relevance.

COURT: Overruled.

STATE: Like a boyfriend.

VICTIM: Yes.

STATE: So you know what that felt like at that time?

VICTIM: Yes.

STATE: Did Mr. Portillo seem to be behaving in a way that when he touched your vagina it made you think he was just going to statically touch it on the top?

VICTIM: Yes.

STATE: Or did you—

VICTIM: Oh, no.  Sorry.

STATE: Okay.  Do you understand what I am asking you?

VICTIM: Yeah.

STATE: Okay.  Did he seem like he was just going to pet you on the top?

3

VICTIM: No.

STATE: Okay. So you've had similar experiences in the past that—or let me ask you this. Did you have similar experiences in the past to compare with what Mr. Portillo was doing?

VICTIM: Yeah. I knew what he was trying to do.

STATE: Okay. And what was it that you felt he was trying to do?

VICTIM: Stick his fingers in my vagina.

The jury found Portillo guilty as charged. He was sentenced to three years in prison followed by two years' probation. He timely appealed.

Analysis

The victim testified that she knew from prior sexual experience that the way Portillo placed his fingers on her genitals indicated his intent to digitally penetrate her. Portillo raises only one issue on appeal. He argues that his conviction should be reversed because the victim's testimony in this regard violated section 794.022(2), which provides in part that "[s]pecific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in a prosecution under s. 794.011." As explained below, we reject Portillo's appeal.

1. <u>Portillo failed to preserve his argument that the victim's testimony violated section 794.022(2).</u>

To preserve an argument for further review, an objection must be articulated "with sufficient specificity as to inform the trial judge of the alleged error."

4

<u>Richemond v. State</u>, 126 So. 3d 281, 284 (Fla. 3d DCA 2011) (internal quotations omitted); <u>see also</u> § 924.051(1)(b), Fla. Stat. (2014) (a legal argument is "preserved" only if the argument was "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor"). Here, the defendant's objection to the victim's testimony consisted of two words: "Objection. Relevance."

In the context of this trial, this general objection was not sufficient to alert the trial court that the grounds of Portillo's objection was the Rape Shield Law. First, the victim's testimony on this point was relevant, as it tends to prove Portillo's intent. <u>See</u> § 90.401, Fla. Stat. (2014) ("Relevant evidence is evidence tending to prove or disprove a material fact."). Second, a review of the entire record on appeal reveals that no reference to the Rape Shield Law was made at any point in the trial. Third, there is no known Florida case in which a defendant claimed that the Rape Shield Law shields a defendant from a victim's testimony. Therefore, the trial court had no way to know that Portillo's objection was not to relevance under section 90.402, but instead based on the prohibition under section 794.022(2). Given this context, the trial court would have to be clairvoyant to realize that Portillo's general objection was intended to raise this novel argument of first impression.

2. <u>A defendant cannot invoke Florida's Rape Shield Law to limit a victim's testimony.</u>

Florida's Rape Shield Law cannot be invoked by an accused rapist to limit a victim's direct testimony because the Legislature's intent in enacting the law was to shield the victim from abusive conduct by the defense. "A court's purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction." Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008). A statute must be interpreted "to give effect to every cause in it, and to accord meaning and harmony to all of its parts." Id. Moreover, "[i]f a part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, the Court will examine the entire act and those in pari materia in order to ascertain the overall legislative intent." Id.

The portion of the Rape Shield Law at issue here in its entirety reads:

> Specific instances of prior consensual sexual activity between the victim and any person other than the offender may not be admitted into evidence in a prosecution under s. 787.06, s. 794.011, 800.04. However, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease; or, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence tends to establish a pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.

6

§ 794.022(2).

While the first sentence of subsection (2) may appear to suggest the prohibition on references to the victim's prior sexual activity applies to both the defendant and the victim, the second sentence indicates that is not the case. The second sentence of subsection (2) modifies the first sentence by establishing exceptions to the first sentence. All of these exceptions concern the circumstance in which the defendant – not the victim – attempts to enter evidence of the victim's prior sexual activity. The fact that the exceptions to the prohibition concern only when the defendant is offering evidence of the victim's prior sexual activity as part of the defense is an indication that the prohibition itself applies only when the defendant is offering evidence of the victim's prior sexual activity. Otherwise, far from being evenhanded, the Rape Shield Law would be one-sided – against the victim – always prohibiting the victim but only sometimes prohibiting the defendant. Given the purpose of the Rape Shield Law, it is self-evident that the Legislature never intended any such result.

For much of our history, defendants in rape cases often resorted to putting the victim on trial by parading in public the most intimate details of his or her prior sexual experience. Too often, these cross-examinations were part of a strategy to either intimidate the victim into silence, or worse, paint the victim as an object who

7

had forfeited any right he or she may once have had to refuse consent to the defendant's sexual advances.[1]

As every court discussing the law has recognized, the purpose of Florida's Rape Shield Law is to protect a victim's privacy from unwarranted public intrusion. Indeed, "evidence of sexual history typically is excluded to protect the complainant's reasonable expectation of privacy," and "to avoid invasive and demeaning inquiry into a complainant's intimate conduct." Johnson v. Moore, 472 F. Supp. 2d 1344, 1364 (M.D. Fla. 2007) (discussing the purpose of Florida's Rape Shield Law). Such evidence is also excluded "to encourage the reporting and pursuit of complaints of sexual battery, and to avoid the prejudice that results from the introduction of a distracting, confusing, and inflammatory irrelevancy." Id. These purposes are not implicated when the victim voluntarily refers to his or her past sexual history to explain the incident.

An examination of the other subsections of the Rape Shield Law supports the conclusion that the purpose of the Rape Shield Law is to shield the victim, not the defendant. Subsection (1) states that a victim's testimony need not be corroborated in a prosecution for certain sex crimes before a jury can rely on such

---

[1] See, e.g., Nickels v. State, 106 So. 479, 489 (Fla. 1925) (holding, before enactment of the Rape Shield Law, a defendant raising issue of consent was entitled to admit into evidence "the general reputation of the prosecutrix for chastity, except that she may [also] be interrogated as to her previous intercourse with the defendant or as to promiscuous intercourse with other men, or common prostitution").

8

testimony.  Subsection (3) precludes evidence of the victim's "manner of dress" to purportedly prove the victim "incited" the sexual battery.  Subsection (4) permits a victim to introduce evidence that shows "consent" was not voluntary.  And subsection (5) provides that evidence of use of a prophylactic device or victim's request for use of a prophylactic device may not be admitted as evidence of consent. These provisions all protect the victim from an abusive defense.  They limit the defense, not the victim.

In fact, since it was enacted, section 794.022(2) has been applied to limit only the defense; it has never been applied to limit the victim's testimony.[2] Indeed,

---

[2] See, e.g., Marr v. State, 494 So. 2d 1139 (Fla. 1986) (concluding that the trial court properly limited cross-examination of the victim by precluding evidence of the victim's past sexual activity); State v. Adderly, 803 So. 2d 760 (Fla. 3d DCA 2001) (granting the State's petition for certiorari and quashing the trial court's order which denied the State's motion in limine to preclude the defendant from introducing evidence of the victim's prior sexual activity); Young v. State, 562 So. 2d 370, 371 (Fla. 3d DCA 1990) (concluding that the trial court properly precluded the defendant from introducing evidence that the "victim had engaged in sexual intercourse with three members of a group of friends"); State v. Pancoast, 596 So. 2d 162 (Fla. 2d DCA 1992) (granting the State's petition for certiorari and quashing an order denying the State's motion to strike three defense witnesses and their testimony about prior consensual sex with the victim); Kaplan v. State, 451 So. 2d 1386 (Fla. 4th DCA 1984) (concluding that the trial court properly limited cross-examination of the victim); Winters v. State, 425 So. 2d 203 (Fla. 5th DCA 1983) (concluding that the trial court properly precluded the defendant from putting on evidence of the victim's prior sexual activity); Hodges v. State, 386 So. 2d 888 (Fla. 1st DCA 1980) (concluding that the trial court properly denied defense counsel's request to present proffered testimony to the jury about the victim's prior sexual activity).

we could find no decision in any jurisdiction in the United States in which a Rape Shield Law was used to shield the defendant from the testimony of the victim.

Finally, at least one case indicates that a victim who mentions his or her past sexual experience opens the door to a cross-examination in that regard. Docekal v. State, 929 So. 2d 1139, 1143 (Fla. 3d DCA 2006) (noting that it is reversible error to prohibit a defendant from cross-examining a victim regarding her past sexual history when she made statements that "opened the door" to this evidence). This principle of law further indicates that the Rape Shield Law does not serve as a blanket prohibition on the victim's ability to reference a past experience when telling his or her story.

3. Any error that resulted from the victim's testimony was harmless.

Finally, even if Portillo had preserved an objection and even if section 794.022(2) provides a blanket prohibition of the victim mentioning his or her sexual experience to explain an incident, reversal is not warranted because the error here, if any, was harmless. See § 59.01, Fla. Stat. (2014) (noting that no judgment shall be set aside or reversed where the improper admission of evidence results in harmless error). The victim's isolated and fleeting reference to her past sexual experience to explain her perception of Portillo's behavior was not the focus of the trial; it was not a distraction from the merits of Portillo's guilt or innocence; it was not prejudicial in any manner. Because there is no "reasonable possibility

10

that the error contributed to the conviction," we must affirm.  <u>State v. DiGuilio</u>, 491 So. 2d 1129, 1138 (Fla. 1986).

**Pedro Portillo v. State of Florida**

**3D15-2441**

SCALES, J. concurring.

I concur only in that portion of J. Logue's opinion holding that Appellant Portillo failed to adequately preserve his argument that the victim's testimony violated Florida's Rape Shield Law. Therefore, I concur in result only.

11

SHEPHERD, Senior Judge.

I respectfully dissent. The issue in this case is whether a defendant in a sexual battery case has the same right as does the victim to invoke Florida's Rape Shield Law, section 794.022(2) of the Florida Statutes (2014), seeking to exclude from evidence a victim's previous experiences with unrelated men. I believe that he does.

Florida's Rape Shield Law provides, in pertinent part:

> Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in a prosecution under . . . s. 794.011, [of the Florida Statutes].

12

Pedro Portillo was convicted of attempted sexual battery with an object (namely, his fingers) pursuant to sections 794.011(5) and 777.04(1) of the Florida Statutes (2014). The evidence presented at trial established that Mr. Portillo moved his hand up the victim's thigh and ultimately rested his palm on her vulva (the exterior organ). She also testified unequivocally that Portillo did not move his fingers any further before she moved his hand away. The key disputed issue at trial was whether Mr. Portillo intended to actually penetrate the victim's vaginal canal with his fingers, or whether he simply sought to touch her exterior vulva. The completed act of sexual battery with an object requires the actual penetration of the vaginal canal, rather than mere union with the exterior vulva. See Lakey v. State, 113 So. 3d 90, 91 (Fla. 5th DCA 2013). Attempted sexual battery with an object thus requires the same intent, that is, to penetrate the vagina but-for an intervening act. § 777.04. The difference between the two acts is imperative, as the former constitutes attempted sexual battery, while the latter is insufficient as a matter of law. See Lakey, 113 So. 3d at 91.

Unlike most cases where a female victim of sexual battery is seeking to exclude evidence of prior consensual sexual activities with other partners for personal reasons, the State in this case sought to offer the victim's prior experiences as evidence that the defendant intended to digitally penetrate her.

13

During direct examination, the prosecutor elicited the following testimony from the victim:

Q. Has a man ever tried to digitally penetrate --

A. Yes.

Q. -- your vagina?

A. Like boyfriend?

Q. Yes

[Defense counsel]: Objection. Relevance.

THE COURT: Overruled.

Q. Like a boyfriend.

A. Yes.

Q. Did Mr. Portillo seem to be behaving in a way that when he touched your vagina it made you think he was just going to statically touch it on the top?

A. Yes.

Q. Or did you –

A. Oh, no. Sorry.

Q. Okay. Do you understand what I am asking you?

A. Yeah.

Q. Okay. So you've had similar experiences in the past that – or let me ask you this. Did you have similar experiences in the past to compare with what Mr. Portillo was doing?

A. Yeah. I knew what he was trying to do.

14

Q. Okay. And what was it that you felt he was trying to do?

A. Stick his fingers in my vagina.

Incanting the reason de etre behind Florida's Rape Shield Law, that "[a] victim's prior consensual sexual activity with one other than the accused is simply irrelevant for determining the guilt of the accused," citing Marr v. State, 494 So. 2d 1139, 1142 (Fla. 1986), Portillo argues here that the Rape Shield Law similarly excludes the victim's prior experiences with her boyfriend. I agree.

On appeal, the State initially argues that Portillo failed to preserve the Rape Shield Law issue by merely raising relevance as his objection to the testimony in the trial court. The majority accepts this argument; however, I reject it because relevancy is at the heart of rape shield laws. See Lewis v. State, 591 So. 2d 922, 924 (Fla. 1991) (acknowledging that in Marr the Court "explained that Florida's Rape Shield Statute is a codification of the rule of relevancy that a victim's prior sexual activity with one other than the accused is generally irrelevant for determining the guilt of the accused"); Kaplan v. State, 451 So. 2d 1386, 1377 (Fla. 4th DCA 1984) ("[Florida's Rape Shield Law] is merely a codification of this jurisdiction's rule of relevance as it applies to the sexual behavior of a sexually battered victim.") Thus, the relevancy objection sufficiently apprised the trial court of the defendant's grounds for opposing the testimony.

15

On the merits, the State contends the Rape Shield Law implicitly limits its use to instances where the victim, and not the accused, raises the shield. Florida's Rape Shield Law, however, unlike the majority of similar laws in other jurisdictions,[3] is silent, and therefore neutral, on the issue of who may employ its prohibition in a criminal trial. In enacting this law, we presume the legislature understood the meaning of the words it used, and that it intentionally opted for the neutral language instead of specifying a beneficiary of the evidentiary objection under this section. See Ward v. State, 936 So. 2d 1143, 1146 (Fla. 3d DCA 2006). On at least this point, the neutral language may safeguard Florida's Rape Shield Law from some of the controversy presently faced in other jurisdictions, where, not surprisingly, courts have struggled with the inherent evidentiary limitations imposed by restrictive rape shield laws. See generally Josh Maggard, Courting Disaster: Re-Evaluating Rape Shields in Light of People v. Bryant, 66 Ohio St. L.J. 1341 (2005); Shawn J. Wallach, Rape Shield Laws: Protecting the Victim at the

_____

[3] Ala. Code § 12-21-203; Alaska Stat. § 12.45.045; Ark. Code Ann. § 16-42-101; Cal. Evid. Code § 782; Conn. Gen. Stat. § 54-86f; 11 Del. Code Ann. § 3509; D.C. Code § 22-3022; Ga. Code Ann. § 24-4-412; Haw. Rev. Stat. § 626-1, R. 412; Idaho R. Evid. 412; 725 Ill. Comp. Stat. 5/115-7; Iowa R. Evid. 5.412; Kan. Stat. Ann. § 21-5502; La. Code Evid. Ann. art. 412; Me. R. Evid. 412; Mich. Comp. Laws § 750.520j; Minn. Stat. § 609.347; Miss. Code Ann. § 97-3-68; Mo. Rev. Stat. § 491.015; Mont. Code Ann. § 45-5-511; Neb. Rev. Stat. § 27-412; Nev. Rev. Stat. §§ 50.090; N.H. Evid. R. 412; N.J. Stat. Ann. § 2C: 14-7; N.Y. Crim. Proc. Law § 60.42; Okla. Stat. tit. 12, § 2412; Or. Rev. Stat. § 40.210; 18 Pa. Cons. Stat. Ann. § 3104; R.I. Gen. Laws § 11-37-13; S.C. Code Ann. § 16-3-659.1; Tenn. Evid. R. 412; Tex. R. Evid. 412; Vt. Stat. Ann. tit. 12 § 3255; Va. Code Ann. § 18.2-67.7; Wash. Rev. Code § 9A.44.020; Wyo. Stat. Ann. § 6-2-312.

Expense of the Defendant's Constitutional Rights, 13 N.Y.L. Sch. J. Hum. Rts. 485 (1997).

In this case, the record on appeal shows that the State could have prosecuted the case against Mr. Portillo without introducing irrelevant evidence regarding the victim's experience with other partners. Therefore, there was no need to muddy the case submitted to the jury with this evidence. Accordingly, because the trial court unnecessarily admitted this evidence which is clearly excludable under the Rape Shield Law, I would reverse and remand for a new trial.